FILED
2024 Jun-17 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

**TARA MOORE,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

**CASE NO. 7:24-cv-00322-LSC**

# DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED SUPPORTING BRIEF

Defendant United States of America, by and through the undersigned Special Attorney to the United States Attorney General, and on behalf of its agency, the Federal Bureau of Prisons ("BOP"), respectfully moves this Court to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(1). In support thereof, the United States shows as follows:

## INTRODUCTION

In this case, the Court lacks subject matter jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claims because the intentional tort exception bars any claims for negligence based on a BOP officer's alleged sexual assault of Plaintiff **and** any claims arising out of that alleged assault, including negligent failure to protect Plaintiff, negligent failure to prevent the assault, and negligent hiring,

supervision, and training claims. This Court also lacks subject matter jurisdiction over any negligence claims based on a duty allegedly created by federal statutes, regulations, and standards, such as the Prison Rape Elimination Act ("PREA") and BOP's Program Statements. For these reasons, the United States respectfully requests that the Court grant this motion to dismiss and dismiss Plaintiff's claims against the United States.

## STATEMENT OF RELEVANT FACTS

1. Plaintiff was incarcerated at Federal Correctional Institution Aliceville ("FCI Aliceville" or "FCIA") beginning in 2015. (Doc. 1, ¶¶ 1, 34.)

2. Three years later, she was assigned to work in the maintenance department where BOP Officer Robert D. Smith ("Smith" or "Officer Smith") was assigned as her supervisor. (*Id.*)

3. Plaintiff alleges that, "[i]n March 2019, Officer Smith forced [her] into his facilities office and forced her to engage in sexual intercourse." (*Id.*, ¶ 34.) According to Plaintiff, "[t]he harassment continued until [she] was transferred to a federal facility in Miami." (*Id.*)

4. She also alleges that she was sent back to FCI Aliceville in 2021 and, "[i]n the summer of 2021, Officer Smith would purposely locate [Plaintiff] in the unit, escort her to various facility closets, and engage in unwanted sexual touching and groping routinely inserting his fingers into her vagina." (*Id.*, ¶ 35.)

5. Plaintiff alleges that certain unknown members of the FCIA Management Team "were grossly negligent in the management, supervision and retention of male correctional officers at FCIA engaged in the sexual harassment and abuse of female inmates." (*Id.*, ¶ 4.)

6. She also alleges that certain Prison Investigative Agencies "were grossly negligent and derelict in their duties to manage, supervise and investigate male officers at FCIA" and "failed to timely investigate and prosecute the criminal activity perpetrated by the male correctional officer identified below." (*Id.*, ¶¶ 5-6.)

7. Plaintiff's claims rely heavily, if not exclusively, on duties allegedly created by federal statutes, regulations, and guidance, such as PREA (*id.*, ¶¶ 13-17), BOP Program Statements (*id.*, ¶¶ 18-27), and BOP's "stated mission" (*id.*, ¶¶ 10, 38).

8. The core of Plaintiff's claim is that BOP failed to protect her from Smith and failed to prevent the alleged sexual assault perpetrated by him. (*Id.*, ¶¶ 37-44.)

**STANDARD OF REVIEW**

Rule 12(b)(1) allows a defendant to move to dismiss an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction:

> [C]hallenges a court's statutory or constitutional power to adjudicate a case. Motions to dismiss under Rule 12(b)(1) may take the form of either a facial or a factual attack. Under a facial attack, the allegations in the complaint are taken as true for the purposes of the motion. A

> factual challenge, on the other hand, questions the existence of subject matter jurisdiction based on matters outside the pleadings. Under a factual challenge, this Court may hear conflicting evidence and decide factual issues that determine jurisdiction.

*Clark v. U.S.*, No. 2:20-cv-00692-LSC, 2021 WL 4197592, *2 (N.D. Ala. Sept. 15, 2021) (internal citations omitted). " 'The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.' " *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)).

## ARGUMENT

### I. This Court lacks subject matter jurisdiction over Plaintiff's claims that BOP failed to protect her or prevent her assault.

The Eleventh Circuit has recognized that "[s]overeign immunity generally protects the United States and its agencies against suit." *Smith v. U.S.*, 14 F.4th 1228, 1230-31 (11th Cir. 2021). Sovereign immunity, however, "does not bar all suits against the United States—only those filed *without its consent*." *Id.* at 1231 (emphasis original). While the United States can, and does, waive its immunity from time to time, "[s]uch waivers . . . cannot be implicit—for courts to have jurisdiction over a suit against the United States, the waiver of sovereign immunity must be 'unequivocally expressed in statutory text.' " *Id.* (quoting *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290 (2012)).

"One prominent waiver of sovereign immunity . . . is found in the Federal Tort Claims Act." *Smith*, 14 F.4th at 1231. "The scope of the waiver in the Federal Tort Claims Act is defined by 28 U.S.C. § 1346(b)(1) [and f]or claims concerning federal employee conduct that was outside the scope of employment . . . **federal courts would continue to lack jurisdiction**." *Id.* at 1232 (emphasis added).

**A. Smith's alleged sexual assault of Plaintiff was outside of the scope of his employment.**

While the FTCA waived the United States' sovereign immunity from tort suits, it excepted certain intentional torts (including assault and battery) from that waiver.[1] 28 U.S.C. § 2680(h); *see also Millbrook v. U.S.*, 569 U.S. 50, 52 (2013). Congress, however, "carved out an exception to § 2680(h)'s preservation of the United States' sovereign immunity for intentional torts by adding a proviso covering claims that arise out of the wrongful conduct of law enforcement officers.[[2]]" *Millbrook*, 569 U.S. at 52. In *Millbrook*, the Supreme Court analyzed the law enforcement proviso to determine when a law enforcement officer's conduct was actionable under the FTCA. *Id.* at 54-57. The Court stated that "[t]he proviso specifies that the conduct must arise from one of the six enumerated intentional torts

---

[1] This exception is referred to as the "intentional tort exception."

[2] This proviso is known as the "law enforcement proviso" and is also codified at 28 U.S.C. § 2680(h).

and, by expressly cross-referencing § 1346(b), indicates that the law enforcement officer's 'acts or omissions' must fall 'within the scope of his office or employment.' " *Id.* at 55 (quoting 28 U.S.C. §§ 1346(b)(1), 2680(h)). Ultimately, the Court recognized that, "[u]nder the proviso, an intentional tort is not actionable unless it occurs while the law enforcement officer is 'acting within the scope of his office or employment.' " *Id.* at 57 (quoting 28 U.S.C. §§ 1346(b)(1), 2680(h)); *see also Dickson v. U.S.*, No. 1:14-CV-250, 2024 WL 847243, *8-10 (E.D. Tex. Jan. 11, 2024) (holding that the law enforcement proviso did not apply and the intentional tort exception barred the plaintiff's claims where the BOP employees who committed the alleged assault and battery were acting outside of the scope of their employment).

In this case, the question of whether a federal employee was acting within the scope of his employment is determined by Alabama law, the state where the alleged conduct occurred. *Clark*, 2021 WL 4197592 at *5. Under Alabama law, an alleged sexual assault is " 'personal to the employee and outside of the scope of employment.' " *Id.* (quoting *Ala. Behav. Med., P.C. v. Chancey*, 883 So. 2d 162, 169 (Ala. 2003)); *see also Emp. Mut. Cas. Co. v. Mallard*, 309 F.3d 1305, 1309 (11th Cir. 2002) ("It is a well-settled principle of Alabama law that sexual assault lies outside the scope of an employee's duties."); *Doe v. Swift*, 570 So. 2d 1209, 1212 (Ala. 1990)

(holding that an employee's "sexual assault was not committed in the line and scope of his employment").

Under similar circumstances, another federal court dismissed an inmate's claims arising from an alleged sexual assault by a BOP officer based on a finding that the assault was outside the scope of the officer's employment. *DeLarosa v. U.S.*, No. 5:22-116-DCR, 2022 WL 4280292 (E.D. Ky. Sept. 15, 2022) (applying Kentucky law). In that case, an inmate alleged that a BOP officer forced non-consensual sexual activity upon her while supervising her work. The court ultimately concluded that "committing a sexual assault against [the inmate] is outside the scope of [the BOP officer's] employment because it is not reasonably incident to the work that he was hired to do and was not motivated by any purpose to serve the Bureau of Prisons." *Id.* at *2.

Here, the law enforcement proviso cannot apply to make Smith's alleged sexual assault actionable under the FTCA because the assault was committed outside of the scope of his employment. Therefore, the FTCA's intentional tort exception bars any claims arising out of the alleged sexual assault committed by Smith and this Court lacks subject matter jurisdiction over any such claim.

**B. Plaintiff's negligence claims are barred by the intentional tort exception.**

The intentional tort exception "does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery.

[The Supreme Court reads] this provision to cover claims . . . that sound in negligence but stem from a battery committed by a Government employee." *U.S. v. Shearer*, 473 U.S. 52, 55 (1985) (emphasis original). The Eleventh Circuit has noted that "the phrase 'arising out of' should be broadly construed." *Metz v. U.S.*, 788 F.2d 1528, 1533 (11th Cir. 1986). In doing so, the Eleventh Circuit stated that "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to the plaintiff's claim." *Id.* at 1534 (quoting *Block v. Neal*, 460 U.S. 289, 297 (1983)).

The Eleventh Circuit has continued to cite *Metz* and hold that there is no subject matter jurisdiction where a government employee's commission of an intentional tort forms the basis for a plaintiff's claim. *Alvarez v. U.S.*, 862 F.3d 1297, 1307-10 (11th Cir. 2017) (holding that the plaintiffs' claims were barred by the intentional tort exception because those "claims arise out of [the government employee's] misrepresentations about his bond fund"); *Cadman v. U.S.*, 541 F. App'x 911, 914 (11th Cir. 2013) (holding that the intentional tort exception barred the plaintiff's claims because the allegedly tortious actions were based on intentional torts and there was "no other independent governmental action on which [the plaintiff's] claims can rest"); *Reed v. U.S.*, 288 F. App'x 638, 641 (11th Cir. 2008)

(holding that a negligent hiring claim could not proceed because it arose solely from a government employee's alleged assault and battery against the plaintiff).

Other district courts have similarly held that there is no subject matter jurisdiction over negligence claims arising from a government employee's intentional tort. *Doe 1 v. U.S.*, No. 5:23-cv-3 (MTT), 2023 WL 4248913, *3 (M.D. Ga. June 29, 2023) (holding that negligent failure to supervise or monitor claims arising out of a director's failure to prevent the abuse of children was barred by the intentional tort exception); *Cuadrado-Concepcion v. U.S.*, No. CV419-305, 2020 WL 4589041, *4-5 (S.D. Ga. Aug. 10, 2020) (holding that the intentional tort exception barred the plaintiff's failure to protect and failure to supervise claims arising out of an assault and battery committed by an enlisted service member); *C.B. by and through Boley v. U.S.*, No 1:14-cv-32-ECM, 2019 WL 4055141, *2 n.7 (M.D. Ala. Aug. 27, 2019) (holding that the intentional tort exception barred the plaintiff's failure to supervise claims arising the abuse of a child in a daycare center); *Foster v. U.S.*, No. 1:99-cv-458-GET, 1999 WL 33263909, *3-5 (N.D. Ga. Nov. 5, 1999) (holding that claims of negligent security and negligent management arising from a shooting by a postal worker were barred by the intentional tort exception).

Although Plaintiff attempts to recast her claims as negligence claims,[3] such attempts are impermissible. *Hill v. U.S.*, No. 23-11970, 2024 WL 1326791, *2 (11th Cir. March 28, 2024) (holding that a plaintiff's claims were barred by the intentional tort exception because they arose out of a sexual assault and that the plaintiff "cannot change the essence of these allegations by using language that sounds in negligence"); *Semmes v. U.S.*, No. CV 07-B-1682-NE, 2009 WL 10688451, *2 (N.D. Ala. March 31, 2009) ("[A] negligent hiring and supervision claim is not within the FTCA's waiver of sovereign immunity when the negligence claimed stems only from an intentional tort committed by a federal government employee.").

Moreover, other courts addressing sexual assaults against individuals in federal custody have held there was no subject matter jurisdiction over the plaintiff's FTCA claims. *Ramirez v. U.S.*, No. 4:17-CV-1142, 2018 WL 6977340, *4 (S.D. Tex. Dec. 18, 2018) (holding that the intentional tort exception barred negligence claims against a BOP warden and his staff arising from the rape of an inmate by a BOP officer). In *Martinez v. U.S.*, 311 F. Supp. 2d 1274 (D.N.M. 2004), the plaintiff alleged that she was raped while being transported between detention centers. She alleged that the United States unreasonably failed to safeguard her, to adopt and

[3] Alabama law recognizes that "[p]rison officials have a duty to exercise ordinary and reasonable care for the protection of persons in their custody." *Patton v. Thompson*, 958 So. 2d 303, 310 (Ala. 2006).

ensure the implementation of policies that would have protected her, and to oversee the detention center operations. The court held that the government's liability was "dependent upon, not independent of, its relationship" with the assailant. *Id.* at 1279. Additionally, "the government would have no potential liability [in that case] if not for the fact that [the p]laintiff's assailant was a government employee." *Id.* As such, the court held that the negligence claims arose out of the alleged sexual assault and were barred by the intentional tort exception. *Id.*

In this case, the intentional tort exception bars any claims for negligence based on Smith's sexual assault of Plaintiff **and** any claims arising from that assault, including claims for negligent failure to protect Plaintiff, negligent failure to prevent the sexual assault, and negligent hiring, supervision, and/or training. As discussed above, the Eleventh Circuit has construed the intentional tort exception's "arising out of" language very broadly. As in *Martinez*, Smith's alleged sexual assault of Plaintiff is wholly dependent on BOP's employment relationship with him; the United States would have no potential liability if Smith was not a government employee. Moreover, he was able to perpetrate the assault solely as a result of his position with BOP. In other words, the underlying sexual assault forms the core of all of Plaintiff's claims and she cannot avoid the intentional tort exception's bar by recasting those claims as negligence claims against the FCIA Management Team and/or the Prison Investigative Agencies. Allowing her to do so would ignore the

Eleventh Circuit's broad reading of the "arising out of" language and would negate the FTCA's intentional tort exception. Here, Plaintiff's claims arise solely out of the alleged sexual assault committed by Smith and that assault is "essential" to Plaintiff's negligence claims. Therefore, the FTCA's intentional tort exception bars **<u>any</u>** negligence claims against the FCIA Management Team and/or the Prison Investigative Agencies arising out of the alleged sexual assault committed by Smith, and this Court lacks subject matter jurisdiction over any such claim.

## II. This Court lacks subject matter jurisdiction over Plaintiff's claims that are based on federal statutes, regulations, and guidance.

The FTCA permits plaintiffs "injured by the acts or omissions of a government employee to recover damages in the same way that they would if they were injured by the acts or omissions of a private person." *Smith*, 14 F.4th at 1232. It "does not cover breaches of federal statutory or regulatory duties that do not apply to private parties." *Id.* If a plaintiff fails to establish a state-law duty, and instead relies on federal standards, "the United States retains its sovereign immunity and the suit cannot go forward." *Id.*

In *Smith*, the Eleventh Circuit affirmed the district court's dismissal of the plaintiffs' claims based on sovereign immunity because the only duty referenced by the plaintiffs arose from the federal guidance in the Postal Operations Manual. In doing so, the court recognized that, "without a state-law duty, there can be no state negligence claim for the violation of that duty." *Id.* at 1233; *see also Hill*, 2024 WL

1326791 at *2 ("[E]ven if [the plaintiff's] negligence claims did not arise out of intentional torts, they would still be barred, as her negligence claims are based on a breach of duty arising from a military oath and code of conduct and are not independently tortious under applicable state law.").

District courts in the Eleventh Circuit have regularly held that a claim based on federal regulations or guidance cannot be maintained pursuant to the FTCA. *Salazar Cano v. Equal Emp. Opportunity Comm'n*, No. 22-cv-20530-BLOOM/Otazo-Reyes, 2022 WL 2869736, *4 (S.D. Fla. July 21, 2022) (dismissing a plaintiff's claims, in part, because "the [c]omplaint fails to allege a viable state law violation to form the basis for an FTCA claim"); *Ripich v. U.S.*, No. 18-22652-Civ-Scola, 2019 WL 2544865, *2 (S.D. Fla. June 20, 2019) (dismissing a plaintiff's FTCA claims that were based on alleged violations of federal regulations); *Stan's Pharmacy v. U.S. Dept. of Health and Human Servs.*, No. CV 209-137, 2010 WL 11613524, *2 (S.D. Ga. Dec. 9, 2010) (dismissing plaintiffs' FTCA claims where they relied on a duty created by a federal statute to state a claim against the United States).

To the extent that Plaintiff attempts to rely on a duty created by federal statutes, regulations, and/or other standards, the FTCA has not waived the United States' sovereign immunity for any such claim. Specifically, Plaintiff cannot rely any duty created by PREA to form the basis of her lawsuit because it is a federal

statute with no basis in Alabama law.[4] Similarly, BOP Program Statements 3420.11 and/or 5324.12 cannot form the basis of Plaintiff's FTCA claim because they are not based on any state-law duty.[5] As the Eleventh Circuit recognized in *Smith*, in which the plaintiffs attempted to rely on a duty allegedly created by the Postal Operations Manual, "without a state-law duty, there can be no state negligence claim for the violation of that duty." 14 F.4th at 1233. Therefore, the FTCA has not waived the United States' sovereign immunity for Plaintiff's negligence claims based on federal statutes (i.e., PREA) and/or federal standards (i.e., BOP Program Statements), and this Court lacks subject matter jurisdiction over any such claim.

---

[4] Additionally, this Court has recognized that PREA provides no private right of action. *See, e.g., Woods v. U.S.*, No. 1:14-cv-00713-MHH-JHE, 2015 WL 9947694, *5 (N.D. Ala. Dec. 11, 2015), *adopted by* 2016 WL 367947, *1 (N.D. Ala. Jan. 29, 2016) ("Nothing within the PREA suggests Congress intended to create a cause of action for inmates to sue prison officials for non-compliance with that Act.")

[5] While this Court has previously held that a BOP Program Statement may inform prison officials' duty to exercise reasonable care for the protection of inmates under Alabama law, *see Iriele v. Griffin*, No. 7:20-cv-383-LSC, 2023 WL 8439743, *14 (N.D. Ala. Dec. 5, 2023) (Coogler, J.), this case is distinguishable for several reasons. Initially, it involves a different program statement than those cited by Plaintiff here. More importantly, the BOP Program Statements cannot "shore up" Plaintiff's claim under Alabama law because it is barred for the reasons discussed in Section I, *supra*, i.e., Plaintiff's claims arising from the sexual assault committed by Smith are barred by the intentional tort exception.

## CONCLUSION

As set forth above, this Court lacks subject matter jurisdiction over Plaintiff's claims based on the FTCA's intentional tort exception. Moreover, the FTCA does not waive the United States' sovereign immunity as to any negligence claims that are based on a duty created by federal statutes, regulations, and/or other standards. Accordingly, the United States respectfully requests that this Court grant its motion to dismiss and dismiss Plaintiff's claims against it.

Dated: June 17, 2024

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: *s/ Timothy A. Heisterhagen*

Keith A. Jones
Timothy A. Heisterhagen
Special Attorneys to the United States Attorney General
Assistant United States Attorneys
Southern District of Alabama
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: 251-415-7180
Email: keith.jones2@usdoj.gov
timothy.heisterhagen@usdoj.gov
*Attorneys for the United States*

*Acting Under Authority Conferred by 28 U.S.C. § 515*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*s/ Timothy A. Heisterhagen*
Timothy A. Heisterhagen
Assistant U.S. Attorney