IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TARA MOORE, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | 7:24-cv-00322-LSC |
| Defendant. | ) ) | |

**MEMORANDUM OF OPINION**

Plaintiff Tara Moore brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. *et seq.*, alleging negligence by the United States of America in connection with a series of sexual assaults she allegedly experienced while incarcerated in a federal facility. Before the Court is Defendant United States of America's motion to dismiss. (Doc. 8.) For the reasons stated herein, the motion to dismiss is due to be **GRANTED**.

**I.  BACKGROUND**

Moore was incarcerated at Federal Correction Institute Aliceville ("FCIA") in Aliceville, Alabama beginning in 2015. (Doc. 1 ¶ 34.)  In 2018, Moore was assigned to work under Officer Smith's supervision in FCIA's maintenance department. (*Id.*) Officer Smith allegedly sexually harassed Moore by making suggestive comments and later "coerc[ing], intimidat[ing] and demand[ing] that Ms. Moore engage in

sexual activities." (*Id.*) In March 2019, Officer Smith allegedly raped Moore in his office. (*Id.*) Moore alleges that Officer Smith continued sexually harassing her until she was transferred to another federal facility. (*Id.*)

Moore returned to FCIA in 2021 and was placed under Officer Smith's supervision. (*Id.* ¶ 35.) Throughout the summer of 2021, Officer Smith allegedly escorted Moore to facility closets "and engag[ed] in unwanted sexual touching." (*Id.*) Moore alleges that she did not consent to any touching or sexual activity with Officer Smith. (*Id.*) In January 2024, Officer Smith pled guilty to the rape of Moore and another female inmate at FCIA. (*Id.* ¶ 3; Doc. 1-2.) Moore states that she has "suffered psychological trauma, depression, pain and suffering, [and] physical trauma" due to Officer Smith's harassment. (Doc. 1 ¶ 36.) Moore also alleges that the Bureau of Prisons ("BOP") denied her medical care in an "attempt to silence her complaints" against Officer Smith. (*Id.*)

Moore brings this negligence action against the United States of America ("Defendant") pursuant to the FTCA, 28 U.S.C. § 1346, *et seq*. Moore claims that FCIA Management and the Prison Investigative Agencies[1] breached their duties to protect her and their respective duties under the Prison Rape Elimination Act and the BOP's Program Statements. Specifically, Moore alleges that Defendant was

---

[1] Moore specifically names the Office of Internal Affairs ("OIA"), the Office of the Inspector General ("OIG"), the United States Department of Justice ("DOJ"), and the Special Investigative Services Unit assigned to FCIA ("SIS") as the breaching investigative agencies. (Doc. 1 ¶¶ 5-6.) These groups are collectively referred to as the "Prison Investigative Agencies" in Moore's complaint. (*Id.*)

negligent in its hiring, retention, and supervision of Officer Smith, in allowing Officer Smith to have unsupervised access to Moore, and in failing to report Officer Smith's abusive conduct. (Doc. 1 ¶¶ 38-40, 43-44.) Additionally, Moore alleges that Defendant created a system that deterred inmates from reporting sexual misconduct by prison staff, fostering an environment where sexual abuse went ignored and unpunished. (*Id.* ¶¶ 41–43.)

## II. STANDARD OF REVIEW

A motion to dismiss for lack of subject-matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's statutory or constitutional power to adjudicate a case. Motions to dismiss under Rule 12(b)(1) may take the form of either a facial or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). Under a facial attack, the allegations in the complaint are taken as true for the purposes of the motion. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). A factual challenge, on the other hand, questions the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Under a factual challenge, this Court may hear conflicting evidence and decide factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).

### III. ANALYSIS

"[T]he United States, as sovereign, is 'immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Through the FTCA, Congress waived the United States' sovereign immunity for claims arising from "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of federal employees operating within the scope of their employment. 28 U.S.C. § 1346(b)(1) (2018).

The United States' Motion to Dismiss takes the form of a facial attack, arguing that the Court should dismiss Moore's claims because the facts as stated in her complaint do not provide a basis for subject matter jurisdiction. Specifically, the United States argues that Moore's claims fall under the intentional tort exception to the FTCA, and the United States has therefore not waived sovereign immunity with respect to Moore's claims.

### A. Officer Smith was acting outside the scope of his employment when he sexually assaulted Ms. Moore.

While the FTCA generally waives the United States' sovereign immunity from tort suits, 28 U.S.C. § 2680(h) "preserves the Government's immunity from suit for '[a]ny claim arising out of assault, battery,'" and other intentional torts. *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C.A. § 2680(h)).

This exception to the FTCA's waiver of sovereign immunity is known as the "intentional tort exception." *Milbrook*, 569 U.S. at 52.

However, § 2680(h) further provides that the intentional tort exception does not apply to "'acts or omissions' of an 'investigative or law enforcement officer'" that "occur while the officer is 'acting within the scope of his office or employment.'" *Millbrook v. U.S.*, 569 U.S. 50, 55 (2013) (quoting 28 U.S.C.A. §§ 2680(h), 1346(b)(1)); *c.f. Smith v. United States,* 14 F.4th 1228, 1232 (11th Cir. 2021) ("For claims concerning federal employee conduct that was outside the scope of employment, federal courts . . . lack jurisdiction."). This exemption to the intentional tort exception is known as the "law enforcement proviso." *Milbrook*, 569 U.S. at 52.

To determine whether it has subject matter jurisdiction over Moore's negligence claims stemming from Officer Smith's alleged sexual misconduct, this Court must first determine whether the law enforcement proviso applies to the present case. The parties do not dispute that Officer Smith is a "law enforcement officer" as used in the law enforcement proviso.[2] Accordingly, the Court need only determine whether Officer Smith was acting within the scope of his employment when he sexually assaulted Moore.

---

[2] In the context of the law enforcement proviso, "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." 28 U.S.C. § 2680(h).

The FTCA holds the United States liable in tort "'to the same extent as a private individual under like circumstances,' under the law of the place where the tort occurred." *Levin v. United States*, 568 U.S. 503, 506–07, 133 S. Ct. 1224, 1228, 185 L. Ed. 2d 343 (2013) (internal citations omitted) (citing § 28 U.S.C. §§ 2674, 1346(b)(1)). Because the alleged sexual assaults took place in Alabama, the Court must apply Alabama law to determine whether Officer Smith was acting in the scope of his employment. Alabama caselaw clearly establishes that "sexual misconduct is personal to the employee and is outside the scope of employment." *See, e.g. E. Ala. Behav. Med., P.C. v. Chancey*, 883 So. 2d 162, 169 (Ala. 2003); *Clark v. United States*, 2021 WL 4197592, at *5 (N.D. Ala. Sept. 15, 2021); *Doe v. Swift*, 570 So. 2d 1209, 1212 (Ala. 1990); *Hendley v. Springhill Mem'l Hosp.*, 575 So. 2d 547, 548–49 (Ala. 1990).[3] Therefore, because Officer Smith was not acting in the scope of his employment when he sexually assaulted Moore, the law enforcement proviso is not applicable to this case. Accordingly, the Court must determine whether Moore's claims are barred by the intentional tort exception.

---

[3] Moore cites *Carroll v. Shoney's, Inc.*, 775 So. 2d 753 (Ala. 2000), and *Thetford v. City of Clanton*, 605 So. 2d 835 (Ala. 1992), in support of her argument that under Alabama law, employers can be responsible for the criminal conduct of employees if it was foreseeable to the employer. (Doc. 13 at 6-7.) Moore misreads these opinions, both of which concerned liability for the criminal acts of third parties on a proprietor's premises. Carroll, 775 So. 2d at 756; Thetford, 605 So. 2d at 841. Neither opinion discusses employer liability for the criminal acts of its employees. Accordingly, neither opinion discusses whether a criminal act is within the scope of an employee's employment, which is the relevant question in determining whether the United States has waived its sovereign immunity with respect to Moore's claims.

### B. The FTCA's intentional tort exception bars Moore's negligence claims arising out of the assault.

Moore does not claim that the United States is vicariously liable for Officer Smith's sexual misconduct.[4] Instead, Moore alleges that the Defendant breached various duties owed to her before, during, and after her sexual assaults by Officer Smith. However, even Moore's negligence claims are barred by the intentional tort exception because they arise out of Officer Smith's intentional tort: his sexual assault of Moore.

"Section 2680(h) [of the FTCA] does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." *United States v. Shearer*, 473 U.S. 52, 55 (1985) (emphasis in original). The Supreme Court has read "arising out of" broadly, holding that § 2680(h) bars claims "that sound in negligence but stem from a battery committed by a Government employee." *Id*. In *Shearer*, the Court held that the respondent could not escape § 2680(h)'s extension of sovereign immunity by "framing her complaint in terms of negligent failure to prevent the assault and battery" perpetrated by a serviceman

---

[4] In her Response in Opposition to Defendant's Motion to Dismiss, Moore "alleges that Defendant is liable for the actions of Officer Smith under Alabama's vicarious liability body of case law." (Doc. 13 at 7.) However, Moore's complaint does not raise any claims for vicarious liability. "[A] party may not insert new claims and allegations by way of a brief in opposition to a motion to dismiss." *Halbert v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1309 (N.D. Ala. 2019) (quoting *Weakley v. Eagle Logistics*, No. 3:16-cv-00205-HGD, 2017 WL 2929375, *2 (N.D. Ala. Mar. 2, 2017)). Thus, the Court addresses only the negligence claims included in Moore's original complaint. Even if Moore had included a claim for vicarious liability in her original complaint, it would be due to be dismissed for lack of subject matter jurisdiction because Officer Moore was not acting in the scope of his employment when he sexually assaulted Moore.

against another serviceman. *Id.* The Court reasoned that Congress did not "distinguish[] between 'negligent supervision' claims and *respondeat superior* claims, with only the latter excluded under" Section 2680(h). *Id*. "Instead, it appears that Congress believed that § 2680(h) would bar claims arising out of a certain type of factual situation—deliberate attacks by Government employees." *Id.*

Applying *Shearer* and other Supreme Court precedent, the Eleventh Circuit has held "that a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim."[5] *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986). In other words, whether the United States has waived its sovereign immunity with respect to a claim hinges on the factual circumstances underlying each claim, not the legal theory under which the claim is brought. *See, e.g. JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.,* 224 F.3d 1260, 1264 (11th Cir.2000) (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir.1975)). Under this analysis, Moore's negligence claims "arise out of" assault and battery—excepted causes of action under § 2680(h)—if Officer Smith's sexual assaults of Moore—the

---

[5] The "excepted causes of action" referred to in *Metz* are the intentional torts of "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C.A. § 2680(h).

underlying government conduct which constitutes the excepted causes of action—are essential to her claims.

Moore alleges that the Defendant breached several different duties owed to her: namely, its duty to protect Moore while she was incarcerated at FCIA (*see* doc. 1 ¶ 38), and its duties established by the PREA and the BOP's Program Statements. (*See* doc. 1 ¶ 43-44.) In sum, Moore alleges that Defendant was negligent in its supervision, management, and retention of Officer Smith, its failure to report Officer Smith's sexual abuse of inmates, and its creation of a system that punished inmates for reporting sexual abuse and ignored the sexual misconduct of prison staff. (*See* doc. 1 ¶ 38-44; *see also* doc. 13 at 2-3.) Moore alleges that Defendant's breaches caused her damages, "including psychological trauma, emotional distress, depression, physical trauma and pain and suffering." (Doc. 1 ¶ 45.)

Based on the relevant Supreme Court and Eleventh Circuit precedent, all of Moore's negligence claims are barred by the intentional tort exception to the FTCA. Even though Moore couches her claims in negligence terminology, her claims all arise out of the assaults by Officer Smith. As the Supreme Court has stated, a claim arises out of an excepted intentional tort if the tortious conduct is "essential" to the claim.

The Eleventh Circuit has further clarified the circumstances under which a government employee's tortious conduct is "essential" to a claim. *See Alvarez v.*

*United States*, 862 F.3d 1297 (11th Cir. 2017). In *Alvarez*, the plaintiffs sued the United States after a government-contracted financial advisor deceived them into investing in a Ponzi scheme disguised as a bond fund. *Id.* at 1300. The plaintiffs alleged several counts of negligence, two of which were based on the government contractor's sale of unregistered securities. *Id.* Despite the plaintiffs framing their allegations as negligence claims, the Eleventh Circuit found that their claims arose out of the government contractor's intentional tort of misrepresentation and were thus barred by the intentional tort exception. *Id*. at 1302, 1305. The Court reasoned that "had the FEBG Bond Fund been legitimate, the fact of its being unregistered would have had no effect on plaintiffs." *Id.* at 1302. "And conversely, if [the government contractor] had registered the fraudulent securities (lying about them to do so since they didn't exist), plaintiffs would still have suffered the same harm." *Id.* Because the Court found that "Plaintiffs' injuries flow[ed] from the securities and [the contractor's] representations which underlay them being fraudulent, not because they were unregistered," it held that the contractor's misrepresentation was "the governmental conduct [] essential to the plaintiff[s'] cause of action." *Id*. at 1302-03.

The same logic applies here—Officer Smith's assault of Moore is essential in proving Moore's claim. A breach of a duty is not enough to establish a prima facie case of negligence—the plaintiff must have suffered damages as a result of the

breach. Assuming that Defendant's supervision, management, and retention of Officer Smith did breach a duty owed to Moore, that breach would not have damaged Moore if Officer Smith had not sexually assaulted her. Even if Defendant had performed its alleged duties after the fact—such as reporting the assault and removing Officer Smith—Moore would still have suffered the harm of the sexual assault by Officer Smith. "[T]he basis of the Government's negligence, in fact what makes it negligence in the first place," is government employee Officer Smith's sexual assault of Moore, because it is the sexual assault that satisfies the damages element of Moore's negligence claim. *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1265 (11th Cir. 2000). The sexual assault is "the 'crucial element of the chain of causation' upon which [the plaintiff]'s claims are founded." *Id.*

Moreover, Moore has stated herself that she "seeks damages *arising out of* sexual assaults committed by BOP employee Officer Robert D. Smith ("Officer Smith") while she was in the care and custody of the BOP at [FCIA]." (Doc. 13 at 2 (emphasis added.)) Moore cannot then circumvent sovereign immunity by "framing her complaint in terms of negligent failure to prevent" her sexual assault. *Shearer*, 473 U.S. at 55. Because Moore's negligence claims against Defendant arise out of Officer Smith's sexual misconduct and are barred by the intentional tort exception to the FTCA, the United States has not waived its sovereign immunity and the Court has no jurisdiction over this action.

## IV. CONCLUSION

For the reasons stated above, Defendant United States of America's motion to dismiss (Doc. 10) is due to be **GRANTED**. The Court will enter an order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on October 8, 2024.

                                        L. Scott Coogler
                                  United States District Judge

220685